## TIMMONS v. JOHNSON.

1. JUDGMENT AGAINST GARNISHEE. A judgment against a garnishee should not exceed that against the judgment defendant.

2. LIABILITY ON ASSIGNABLE MORTGAGE. A garnishee cannot be made liable on a mortgage which is not negotiable, but is assignable, unless the mortgage is produced, or the garnishee is completely exonerated or indemnified from liability thereon after he may have satisfied the judgment. (Rev. 1860, § 3211.)

*Appeal from Washington District Court.*

MONDAY, JUNE 8.

ON the 16th November, 1861, plaintiff recovered judgment against one Craig for $187, and costs, $11.60. Johnson was summoned as the debtor of Craig, and answered that on the 25th of October, 1854, he bought a farm of one

Tipton, on which there was a mortgage to Craig to secure the purchase money, $200; that he ascertained the existence of the mortgage after his purchase, and requested Tipton to discharge it; that Tipton professed and expressed a willingness to do so if he could find Craig; that for his (Johnson's) protection Tipton thereupon paid him the money, $267.63, and he agreed to pay the mortgage when it should be produced, and to hold Tipton harmless touching the same. This money was received June 16th, 1856. The mortgage purports on its face (as shown by a duly certified copy from the record) to have been given September 7th, 1852, due January 1, 1857. The garnishee also answered that, "where or in whose possession the note now is he did not know."

The plaintiff took issue upon the answer, so far as to deny that Tipton executed a note, averring that the mortgage was the only evidence of indebtedness. On the hearing, Tipton, against defendant's objection, testified that he never executed a note, but the mortgage alone; and upon this evidence, in connection with the answer of the garnishee, judgment was rendered against him for $318. A motion for a new trial was made and overruled. Defendant excepted and appealed.

*J. R. Lewis* for the appellant.

*Patterson & Sherman* for the appellee.

WRIGHT, J.—That the judgment against the garnishee is at least excessive we entertain no doubt. Plaintiff had judgment against the principal, dated November 16th, 1861, for damages and costs, $198.60, and recovered judgment against the garnishee on the 20th of the same month for $318, less costs of the garnishee proceeding, $6.70. As the indebtedness from Johnson to Craig exceeded that from Craig to plaintiff, the judgment against the garnishee

should have been limited to the amount of the original judgment. If Johnson's indebtedness had been less, then it would have been proper to have made him liable for the full amount of that indebtedness. But plaintiff had no right to recover against the garnishee a greater amount than was coming to him from his original debtor, and the costs of the first proceeding or judgment. (Revision, § 3209.)

Whether the court below erred in receiving the testimony of Tipton, we need not discuss, as we think that upon another ground the judgment must be reversed. Conceding that there was no note, the mortgage itself, treated by appellee as the sole evidence of the debt, was assignable, and it was erroneous to enter any judgment against the garnishee until such mortgage was delivered; or he was completely exonerated or indemnified from all liability thereon. This is the requirement of the statute (Revision, § 3211), which was intended to guard and protect the rights of garnishees in this class of cases. The mortgage, it is true, was not negotiable, but was assignable, and the statute reaches both classes of paper. (*Pope & Slocum* v. *Jacobus et al.*, 10 Iowa, 262.)

Reversed.