## STONE, *adx.*, *v.* KAUFMAN & CO.

In a suit by the assignee of a note against the administrator of the maker, affidavits of the non-payment of the note, by the payee and assignee, while in their hands respectively, held sufficient.

A commissioner of deeds of this State, residing in another State, is authorized to take affidavits to authenticate claims against deceased persons.

Where the court erroneously instructs the jury that the plea of payment admits the indebtedness charged, but proceeds to instruct that without evidence of payment they will find for the plaintiff, the instruction is not calculated to mislead the jury, and the verdict will not be disturbed.

On a plea of payment, it is not necessary for the plaintiffs, suing as partners, to prove who compose the firm—the statute dispensing with such proof unless the defendant deny by plea and affidavit that the plaintiffs are partners, as described in the declaration.

Where a suit is instituted and progresses against the defendant *as administrator*, and the judgment is against *said defendant*, it is a judgment *de bonis intestatoris*.

*Appeal from Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

BYERS & COX, for appellant.

WATKINS & ROSE, contra.

CLENDENIN, J.

This was an action of debt instituted by the appellees, against the appellant, in her representative character, as administratrix of Jefferson Stone, deceased, upon a writing obligatory for a sum certain, executed by Jefferson Stone and Rufus Stone, to Hirsch & Adler, and by them assigned to the plaintiffs in the court below. The defendant filed two pleas of payment: 1st, by Jefferson Stone to Hirsch & Adler when the note fell due; and 2d, payment of Jefferson Stone, after the note fell due, and before the assignment to plaintiffs. To these pleas replications and issues were made up and the case submitted to a jury, who found, upon the issues, for the plaintiffs, the amount of debt and damages; for which final judgment was rendered. During the trial, the defendant excepted to the decision of the court in admitting certain testimony against her objections, and also in giving the instruction asked by the plaintiffs, and in refusing to give those asked by the defendant, and having tendered her bill of exceptions, which was signed and sealed, appealed.

It appears, from the record, that the plaintiffs, on the trial, offered and read in evidence the original note sued on, to which the defendant objected, because of a variance between

the note offered in evidence and the copy to which the affidavits of probate for non-payment were attached. Upon inspection we cannot perceive the point of variance between the instruments, and there is, therefore, nothing in the objection. The plaintiffs also offered and read to the jury, at the same time, a copy of the original note, with the affidavit of A. Hirsch, one of the firm of Hirsch & Adler, of the non-payment of the note, while in their hands as payees, and the affidavit of L. Kaufman, one of the firm of the plaintiffs, of the non-payment while in their hands. These affidavits were taken before James Graham, who signs himself commissioner, and whose attestation recites that they were "sworn to before me, a commissioner for the State of Arkansas, acting in Louisiana," and are dated and sealed.

It was objected in the court below, and is urged in this court, that the affidavit of Hirsch was not sufficient, under the statute, and because both the affidavits were taken before a person who had no authority to administer them. The affidavit of Hirsch, which is objected to, is, substantially, in conformity with *sections 103* and *106*, *chap 4*, *Digest of Arkansas;* the first of which sections. prescribes the form of the oath, and the second declares: "If the debt be assigned after the debtor's death, affidavits shall be made by the person who held the debt at the death of the debtor, as well as the assignee." This requirement has been complied with by the original payees of the note, and by the assignees, and we do not think the objection to the affidavit well founded; nor do we think the other branch of the objection tenable, because the 1st section of chapter 32 of the Digest authorizes the appointment of commissioners in other States, and defines their powers, among others, " to administer oaths and affirmations," and the 2d section of the same chapter provides that, " an affidavit taken by them shall be as effectual in law, to all intents and purposes, as if done and certified by any justice of the peace, or other authorized officer within this State." *Johnson v. Cocke, use, &c., 12 Ark., 672; and Grider & Henderson v. Williams*, decided at the present term.

The instruction given, at the instance of the plaintiffs, to which the defendant excepts, is: "The defendant in this case has pleaded payment; this plea admits the indebtedness to the parties, in the manner and form as declared in the declaration, and without evidence of payment introduced by defendant, you will find for the plaintiffs." We are not prepared to admit the proposition in this instruction, that the plea of payment admits the indebtedness of parties; on the contrary, it is expressly what it denies. The court, no doubt, intended to instruct that the plea of payment admitted the execution of the note and the original indebtedness. That part of the instruction given was erroneous, but taking it in connection with the latter part of the instruction and the testimony in the case, we do not think it was calculated to influence or mislead the jury; and where such is the case, we will not disturb the verdict. *Wood v. Wylds, 11 Ark., 754; Ingram v. Marshall, 23 Ark., 115.*

The instructions of the defendant, which the court refused to give, are: 1. "The declaration and affidavits of probate are no evidence to the jury as to who compose the firm of M. Kaufman & Co." 2. "Before the jury can find for the plaintiffs in this case, they must find from the evidence that the firm of M. Kaufman & Co., the plaintiffs in this suit, are composed of the following persons, to wit: Louis Kaufman, Mark Kaufman and Cal. Hirsch."

These instructions the court properly refused to give. There was no issue to which they could apply. The only issues, as we have have seen, were payment, and it was not necessary upon those issues for the plaintiffs to prove who composed the firm of M. Kaufman & Co. Our statute expressly declares that "in action brought by partners it shall not be necessary to prove the partnership unless the defendant shall, by his plea, deny that the plaintiffs are partners, or carry on business as described in the declaration, and no such plea shall be admitted, unless it be verified by affidavit." *Sec. 4, chap. 1, Digest of Ark.*

It is further contended and assigned for error, that the judg-

ment in this case is erroneous, because it is against the defendant *de bonis propriis*, when it should have been *de bonis intestatoris*. This proposition is certainly correct, if such is the fact.

The suit was instituted and progressed against the defendant in her representative character as administratrix. The caption of the trial and judgment entry is in the name of the plaintiffs, in their individual and partnership name of " Louis Kaufman, Mark Kaufman and Cal. Hirsch, partners, as M. Kaufman & Co., against Frances A. Stone, administratrix of Jefferson Stone, deceased." The judgment is, " that the plaintiffs do have and recover of and from the said defendant" the sum found by the jury. The entry of judgment is not technically formal, or in accordance with the precedents ; but we think the whole entry sufficiently shows in what capacity the defendant was sued, and that the judgment was rendered against her in that capacity. Where the entry once shows who is defendant, the after recital in the words " the said defendant " relates back and has reference to such description.

If this rule is correct, and we think it is, the judgment in this case is rendered against Frances A. Stone, as administratrix of Jefferson Stone, in her representative character, and is correct, and there was no error in the judgment. *4 Mass., 520; 4 Wendell, 623; 4 Ark., 623.*

Judgment affirmed.

At the June term, 1868, there were no opinions delivered by the court.