## HUGHES v. MONTY.

1. **Fraudulent sale:** INSOLVENCY OF VENDOR: KNOWLEDGE OF VENDEE. Mere knowledge on the part of the vendee, of the insolvency of the vendor, will not render the sale fraudulent, even if the object of the vendor was to defraud his creditors, unless such object was also known to the vendee.

2. **Instruction:** ASSUMPTION OF FACT. It is not erroneous for an instruction to assume a fact, which is not denied, and in relation to which there is no conflict of evidence.

3. **Promissory note:** PRESUMPTION OF MATURITY: EVIDENCE. While the fact of payment of part of a note may be competent evidence to be considered by a jury in determining the time of the maturity of the note, yet no *presumption of law* arises therefrom, that the note was then due.

4. **Attachment:** GARNISHMENT OF NOTE PAST DUE. The garnishment of the maker of a negotiable note past due will not render him liable unless the note is delivered or he is completely exonerated or indemnified from all liability thereon. (Rev. § 3211.)

5. **Fraudulent sale:** BADGES: EVIDENCE. That a vendor of a stock of goods was largely in debt for them, and that fact was known to the purchaser, who purchases the largest share of the goods on a credit extending beyond the time when the claims against his vendor become due, may be considered by the jury in connection with the other evidence, in determining the question of fraud; but such facts do not of themselves raise a legal presumption of fraud.

6. **Attachment:** GARNISHMENT. Until an order is made discharging the garnishee, he has no right to pay his creditor any money or property subject to the garnishment proceeding. If he does pay, it is at his peril.

*Appeal from Winneshiek District Court.*

WEDNESDAY, MAY 13.

THE defendant was attached as garnishee in the suit of this plaintiff against one H. A. Cleghorn. The defendant herein, D. C. Monty, made his answer as such garnishee, in which he denied having any money or

property belonging to Cleghorn, or being indebted to him. But he stated, that he had then recently purchased of Cleghorn a stock of goods for a little over $9,000, on which he paid $3,200, and gave his several notes to Cleghorn or bearer, payable at different times for the balance, and that he did not know who held the notes. The plaintiff filed a reply, taking issue upon the statements of the answer, and alleging the sale of the goods to be fraudulent and made to hinder and delay creditors. Upon this issue there was a jury trial and verdict for plaintiff for the amount of his debt. Judgment was rendered thereon, and defendant appeals.

*E. E. Cooley* for the appellant.

*R. Noble* and *L. Bullis* for the appellee.

COLE, J. — The only questions made in this case arise upon the instructions given and refused. The first instruction objected to, as given by the court, was as follows: "3d. If you find from the evidence that defendant had knowledge of Cleghorn's insolvent circumstances when he purchased the goods, and that Cleghorn's object in making the sale was to hinder and delay his creditors, then the plaintiff is entitled to recover." If the court intended by this instruction to say to the jury that if defendant had knowledge of Cleghorn's insolvency, and also had knowledge that Cleghorn's object in making the sale was to hinder, etc., then the instruction would not be objectionable. But if the court intended to say, what seems to be the more reasonable construction of the language used, that if the jury believed, from the evidence, first, that defendant had knowledge of Cleghorn's insolvent cir-

*[margin note: 1. FRAUDULENT SALE: insolvency of vendor; knowledge of vendee.]*

cumstances when he purchased the goods, and, second, that Cleghorn's object in making the sale was to hinder and delay his creditors, then the plaintiff is entitled to recover,—the instruction would be clearly erroneous, because mere knowledge of the insolvency of the vendor would not make a sale fraudulent, even if the object of the vendor was to defraud his creditors, unless such object or purpose was known to the purchaser.

The claim by counsel that the instruction was erroneous, because it assumed, as a fact, that Cleghorn was **2. INSTRUCTION:** insolvent, is not well founded in this case. assumption of fact. While it is true that such assumption might, in some cases, be erroneous, yet in this case, where the insolvency is not denied, and where there is no conflict of evidence on that subject, and the fact is abundantly proved, it was not error to assume it in the manner it was done in the instruction under consideration.

The next objection is to the fourth instruction: "If you find from the evidence that defendant, Monty, paid **3. PROMISSORY** Day $150 on his (Monty's) note for $800 or **NOTE: presumption of** $1,000, the presumption of law is that the **maturity: evidence.** note was due when the payment was made, and the burden of proof is on the defendant to show that it was not due, unless that presumption is rebutted by evidence offered by the plaintiff, or from the circumstances of the transaction." The evidence shows that this defendant was garnished in the case of one Wheeler against said Cleghorn, and said Day, as his surety, at the same time he was garnished in this case, and that he paid to said Day $150 on account of said garnishment, and received a credit therefor on a note held by Day for $800 or $1,000, given by him to Cleghorn for the goods. While the fact of payment of a part of a note might be competent evidence to go to a jury, to be considered by them in determining the time of the maturity of the

note, it cannot be true that, under the circumstances of this case, a presumption of law arises, from the simple fact of payment, that the note was then due.

The fifth instruction, which was objected to, was 'as follows : " If you find from the evidence that Cleghorn had, after the garnishment of Monty, a note of Monty's past due, you will find for plaintiff the amount due on such note, but not an amount exceeding the amount of plaintiff's claim." This instruction was given in evident oversight as to the provisions of our statute : " SEC. 3211. The garnishee shall not be made liable on a debt due by negotiable or assignable paper, unless such paper is delivered, or the garnishee completely exonerated or indemnified from all liability thereon, after he may have satisfied the judgment." This section of the statute would also have its bearing upon the fourth instruction, last above considered. *Timmons* v. *Johnson*, 15 Iowa 23.

*4. ATTACHMENT: garnishment of a note past due.*

The sixth instruction, duly excepted to, is as follows : " If you find from the evidence that at the time of the sale Cleghorn was largely in debt for the goods sold Monty, and that that fact was known to Monty when he purchased, and that he bought the largest share on time extending beyond the time when the claims against Cleghorn became due, such facts, if proved, raise the presumption of fraud, unless explained." This instruction would have been good law if it had concluded with, " such facts, if proved, may be considered by you, in connection with the others, in determining the question of fraud." But it cannot be true that the law will presume fraud from the fact that property is bought on credit from a party who had himself purchased it on credit, and especially so, when such party purchased it for the purpose of sale. If this proposition was true, it would be dangerous for any one to

*5. FRAUDULENT SALE: badges: evidence.*

deal with a person indebted. The sale of property on credit is often made, and such sale being fully legal, the law ought not to be held to presume fraud from it. Of course, if there are unusual circumstances attending a sale on credit, or for cash even, such circumstances may be proper to go to and be considered by the jury in determining the fraudulent intent on the part of the vendor, or the knowledge of such intent on the part of the vendee.

As to the instruction asked by defendant and refused, to the effect that a failure to have the garnishment pro- 6. ATTACH-  ceeding continued by order of court from one MENT: garnish- ment.  term to the next, would relieve defendant from liability for any money paid during the time; there was no error in refusing it. The garnishee may have his answer as such, disposed of by the court, and an order entered for his discharge, but until such order he may rightfully, and ought to refuse payment to his creditor of any money or property subject to the garnishee proceeding; if he does pay, it is at his own risk. *Chase* v. *Foster*, 9 Iowa, 429.

Reversed.