TYLER v. LANGWORTHY *et al.*

1. **Judgment:** CONSTRUCTION OF: ADMINISTRATOR. Where, in an action against an estate, a judgment personal in form is rendered against the administrator, the pleadings in such action may be considered in connection with the judgment, for the purpose of ascertaining whether it was intended to bind defendant *de bonis proprius* or only *de bonis testatoris*.

2. —— IN SUPREME COURT. . Where an order overruling a demurrer is made in the court below, and no further action is had, the supreme court will not, upon an affirmance of such order, enter final judgment.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 10.

ON the 17th day of March, 1871, plaintiff filed his petition against defendants, as administrator and administratrix of the estate of James L. Langworthy, deceased, alleging that said estate is justly indebted to him in the sum of $7,296.98, and stating for cause of such claim that on the 19th day of March, 1867, he recovered, against said defendants, as administrator and administratrix of said estate, in the circuit court of Grant county, Wisconsin, judgment for the sum of $5,657, with interest at seven per cent per annum, which judgment yet remains unreversed and unsatisfied.

The petition also alleges that the claim on which said judgment was rendered was pending in suit at the time of the death of the decedent, and that after his death his administrator and administratrix were made parties, and sets forth certain facts alleged as excuse for failing to file the judgment as a claim against the estate.

The defendants filed an answer to this petition, and thereupon the plaintiff, on the 8th day of April, 1872, filed his substituted petition, as follows:

Plaintiff, as a substitute for all the pleadings heretofore filed by him in this cause, files this, his substituted petition, and says, that on, to wit, "The 19th day of March, A. D. 1867, he recovered a judgment in the circuit court of Grant county in the State of Wisconsin, for the sum of $5,657.80, and costs of suit, against the defendants, a copy of which said judgment is hereto annexed, as a part hereof, marked 'A;' that said judgment is still the property of plaintiff, and is wholly unpaid, and is still in full force, and unreversed."

The material part of the judgment sued on is as follows: "It is considered, ordered and adjudged by this court, that the said plaintiff, Augustus Tyler, do have and recover of and from the said defendants, J. D. Langworthy and Agnes Langworthy, administrators of the estate of said James L. Lang-

worthy, deceased, the sum of $5,657.80　　*　*　*　*
and that he may have execution therefor." To this substituted
petition the defendants filed their answer, the portions whereof
material to the present inquiry are as follows:

" 3. And for a further answer, defendants say that they gave
due notice of their appointments, as such administrators of
said estate, according to law, and the order of the court; and
that no claim against said estate or defendants, as administra-
tors of said estate, on account of said judgment now sued
on, or on account of any indebtedness on which it is claimed
to be founded, was ever filed in the said probate court, as a
claim against said estate, within eighteen months of the time of
giving such notice; and no claim on account of said judgment,
or any indebtedness out of which it is claimed to arise, was
pending in the district or supreme court, and that of all said
facts, and the appointment of defendants as administrators of
James L. Langworthy, deceased, and of the giving of said
notice, plaintiff had full knowledge.

" 4. And for a further answer, defendants say that said pre-
tended judgment, and the supposed indebtedness on which it
is claimed to have been rendered, is not an indebtedness of
these defendants, but is a supposed indebtedness of James L.
Langworthy, incurred during his life-time. That said James L.
Langworthy departed this life on the 14th day of March,
1865. That letters of administration were issued to defend-
ants, as administrators of the estate of James L. Langworthy,
deceased, on the 5th day of June, 1865. That they gave notice
of their appointment as such by publication, as required
by law and the order of the court, on the 1st day of Sep-
tember, 1865. That said pretended judgment is claimed
to have been recovered in the circuit court of Grant county,
Wisconsin, and that no claim against said estate was filed in
the circuit court of Dubuque county, Iowa, within eighteen
months from the rendition of said judgment, on account of the
same, and no claim on account of said judgment has ever been
filed in said court; and no claim on account of any indebted-
ness out of which said judgment is claimed to have arisen, was

ever filed in said probate court of Dubuque county, and no such claim was pending in the district or supreme court, or in any other court of this or any other State; and that there are no equitable circumstances entitling plaintiff to relief.

"That of all the facts stated herein, plaintiff had full knowledge at the time, and failed to file his claim, if any such he had, through his own negligence. That said James L. Langworthy was a resident of Dubuque county, Iowa, at the time of his death, and that defendants were appointed administrators by the probate court of Dubuque county, Iowa.

"That said estate has been duly administered on and settled, and these administrators discharged by this court, * * * and that said claim is barred by the statute of limitations."

To this answer plaintiff demurred as follows: Plaintiff says defendant's answer is insufficient in law:

"1st. The third paragraph thereof, in this that in law, plaintiff was not bound to file or present his claim as therein assumed; and his not having done so, does not prevent him from maintaining this action.

"2d. The fourth paragraph thereof in this, that notwithstanding the indebtedness may have been the indebtedness of James L. Langworthy, originally, and that no claim was presented or filed, as is assumed was necessary, the judgment sued on is a personal one against the defendants and they are so liable on it in this action."

The court overruled this demurrer. Plaintiff appeals.

*Griffith & Knight* for the appellant

*Smith, Fouke & Chapin* for the appellees.

DAY, J. — The only point urged and relied upon by appellant, under the demurrer, is that the judgment sued is personal against the defendants, binding them *de bonis proprius* and not *de bonis testatoris*, and that it is conclusive both as to the quantum and the character of their liability. It may be true that this judgment *alone* ap-

1. JUDGMENT.

pearing it would be construed as a personal one against the defendants. See *Dougherty* v. *McManus*, 36 Iowa, 657. It is also true that the judgment imports absolute verity, and that it cannot be varied or contradicted by matter *dehors* the record.

The pleadings in the case, however, constitute a part of the record, and the judgment may be read and construed with the aid of the light which they reflect.

The answer alleges that the claim upon which the judgment sued on was rendered, existed against the estate of James L. Langworthy, deceased, and that the action was prosecuted against defendants in their capacity of administrators of said estate. If these facts are true, they are shown by the pleadings, and they appear as part of the record in that case. We know of no reason why the pleadings may not be taken in connection with the judgment, not, indeed, for the purpose of directly contradicting it, but for the purpose of aiding in its construction, and of attaching to it a meaning different from that which it would *prima facie* bear. See *Stone* v. *Kaufman*, 25 Ark. 186.

If this action was against defendants in their capacity of administrators, it was an error to render a judgment against them personally. *Lawton et ux.* v. *Buckingham*, 15 Iowa, 23 ; *Wile* v. *Wright*, 32 id. 451–461 ; *Lightfoot* v. *Cole, administrator*, 1 Wis. 26.

Now, whilst it is true that a party can relieve himself from the consequences of an erroneous judgment, where the court has jurisdiction, only by appeal, or other mode of review, yet if, from the examination of the whole record, such a construction may be fairly placed upon a judgment as will relieve it of error, a court should give it that construction.

In *Hary* v. *Call*, 16 Mass. 529, cited by appellant, Call had commenced an action in his capacity of administrator, and failing in the action, judgment for costs was rendered against him in his said capacity of administrator. That case differs from this in the following respect : If the administrator commenced a groundless action, and the estate was defeated, he was

properly chargeable with the costs, personally, whereas in this
case the only proper judgment, at least aside from costs, was
one against the defendants in their representative capacity. In
this case the court recognize the right of construing a judg-
ment in the light of all the facts apparent of record, and
employed the following language:

"When a record is so drawn that the words may admit of a
double construction, the court will interpret the words that way
which will make the record good as being the most for the
advancement of justice. According to this rule if the words
of the record be doubtful, we are to understand them in the
sense which will best comport with a legal judgment. This
leads us to consider what ought to have been the form of judg-
ment in the original action, and we are clearly of opinion
that it ought to have been entered against the present defend-
ant *de bonis proprius.*"

It is just as clear, in this case, that the judgment should have
been *de bonis testatoris,* under the allegations in the answer.

In *Lighghtfoot* v. *Cole,* 1 Wis. 26, the judgment was as fol-
lows: "That the said plaintiff do have and recover of and from
the said defendant, William Lightfoot, as administrator of the
estate of Joseph Wooley, deceased, the aforesaid sum of $3,000
for his damages and costs, and that he have execution therefor."

The defendant appealed, complaining that the judgment
rendered him personally liable.

The court held that the judgment was *de bonis proprius,* and
not *de bonis testatoris,* and that it was not such an one as should
have been rendered. This case accords with *Lawton* v. *Buck-
ingham,* and *Wile* v. *Wright, supra,* in so far as it holds that a
personal judgment ought not to be rendered against one sued
as an administrator.

It does not, however, of necessity, follow that if Lightfoot
had not appealed, and it had been attempted to render him
personally liable upon the judgment, the court would not have
looked into the pleadings, and construed the judgment in con-
nection with them. The demurrer, we think, was rightly
overruled.

II. Appellee asks that, if the cause is affirmed, final judgment may be entered for defendant in this court. Upon the overruling of a party's demurrer there are two courses open to him. He may stand upon his demurrer, and have a review of the ruling of the court thereon, or he may plead over, whereby he waives a right to such review. In this case, however, the demurrer being to the answer, and no reply being allowable, he could not plead over, and thus waive his right to a review of the demurrer. By refusing to go further in the case he would have signified his election to stand upon the demurrer, and the defendant would then have been entitled to judgment as upon a verdict in his favor. For by such course he would be in the condition of one refusing to plead, as his conduct would prevent the reply which the law implies to an answer not setting up a counter-claim, a cross-demand, or a set-off, and section 3086 would apply. Or by going to trial on the merits he would have shown his intention not to stand upon the demurrer and thereby would have waived his right to have the same reviewed. But, at the time this demurrer was overruled, the plaintiff did not take either course.

The defendant by insisting upon a trial might have compelled an election, and have secured a judgment for costs, or a waiver of the appeal from the ruling on the demurrer, but this he did not do. The court, having ruled upon the demurrer, was not under obligation to enforce an election. When the court entered an order overruling the demurrer, it did all that, under the circumstances, it could well do. Section 3536 of the Revision provides that the supreme court may reverse or affirm the judgment or order below, or may enter such judgment or order as the district court or judge should have done. But as we have seen, the court below entered the only order proper, under the circumstances.

Our only proper course, therefore, is simply to affirm the judgment.

Affirmed.