## FLORENCE LEIFERMANN, Respondent, v. FRED DANIELS, Appellant.

### (176 N. W. 9.)

**Assault and battery — indecent assault — verdict held not to be excessive.**

In an action for indecent assault, where the plaintiff, the mother of two little children, was employed by the defendant, a bachelor fifty-nine years old, as his housekeeper, and where, during a period of two weeks' employment, the defendant attempted at various times to take indecent liberties with the plaintiff, finally culminating in a bolder attempt, which compelled the plaintiff to leave the defendant's employ, to protect her virtue and integrity, all of which occasioned to her suffering, humiliation, and disgrace,—it is *held* that a verdict of $2,500 is not so excessive as to disclose the result of passion and prejudice of the jury.

Opinion filed December 31, 1919.

Action for indecent assault in District Court, Barnes County, *Coffey, J.*

From a judgment for the plaintiff and an order denying a new trial the defendant appeals.

Affirmed.

*M. J. Englert,* for appellant.

Excessive damages appearing to have been given under the influence of passion or prejudice, and insufficiency of the evidence to justify the verdict, are grounds for a new trial. Comp. Laws 1913, § 7660, subds. 5, 6; Wagoner v. Bodal (N. D.) 164 N. W. 147; Carpenter v. Dickey, 26 N. D. 176, 143 N. W. 964; Williams v. Budgett (Iowa) 172 N. W. 283.

*A. P. Paulson,* for respondent.

The evidence shows that there was physical and nervous impairment,

and humiliation and mental suffering and sickness, which condition has persisted for a number of months, and that this condition was likely to continue for an indeterminate period and perhaps permanently, and for that reason the verdict and judgment of $2,500 cannot be said to be excessive, and must be sustained. Comp. Laws, § 7165; Rev. Codes 1905, § 6582; Civ. Codes 1877, § 1967; Rcv. Codes 1899, § 4997.

Measure of damages in tort is the same as at common law. Needham v. Jalvorsen, 22 N. D. 594, 135 N. W. 203.

Damages are recoverable even when the injury is proximate, .and could not be reasonably anticipated. Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Newell v. Witcher, 53 Vt. 589, 38 Am. Rep. 703; Fay v. Parker, 53 N. H. 342, 16 Am. Rep. 279; Shoemaker v. Sonju, 15 N. D. 518.

In an action for damages for an indecent assault, a verdict may be rendered on the uncorroborated testimony of the plaintiff, though a conviction could not be had thereon in a criminal prosecution for rape. Rogers v. Winch, 76 Iowa, 546, 41 N. W. 214.

The jury may consider not only the physical injury and suffering, and expense and loss of time and wages, but the mental anguish, shame, and dishonor suffered by the injured party. Ward v. Blackwood, 48 Ark. 396, 3 S. W. 624; Kaber v. Hutson, 5 Ind. 322, 61 Am. Dec. 96; Wolf v. Trinkle, 103 Ind. 355, 3 N. W. 110; Lucas v. Finn, 35 Iowa, 9; Marden v. Murphy, 85 Iowa, 669, 52 N. W. 62.

Declaration of defendant, of his criminal intentions against plaintiff, are proper evidence to show aggravation of the damages sustained by plaintiff. Pratt v. Ayler, 4 Harr. & J. 448.

Under a declaration alleging sickness and pain to have been caused by an assault, a permanent bodily infirmity produced or aggravated thereby may be shown. Johnson v. McKee, 27 Mich. 471.

The aggravation of an existing disease or injury by an assault is as reasonable ground of complaint and as proper an element to be considered in estimating damages as the creation of a new one. Elliott v. Van Buren, 33 Mich. 49.

A person receiving a wilful injury from another is entitled to recover compensatory damages therefor, irrespective of the motive of the wrongdoer. Boyle v. Case, 18 Fed. 880.

Prospective damages are recoverable in trespass for assault and battery. Barlow v. Lowder, 35 Ark. 492.

Where plaintiff proves that he sustained the actual damage by defendant's attack, he is entitled to recover as much in value as his proof showed he suffered, whatever the amount may be. Tatnall v. Courtney, 6 Houst. (Del.) 434.

Plaintiff is entitled to recover such an amount of damages as will compensate him for the injury sustained. Jones v. Jones, 71 Ill. 562.

Plaintiff may recover damages accruing after the commencement of the suit. Morgan v. Kendall, 124 Ind. 454, 9 L.R.A. 445, 24 N. E. 143; Kelley v. Kelley, 8 Ind. App. 606, 34 N. E. 1009; Reddin v. Gates, 52 Iowa, 210, 2 N. W. 1079.

Mental pain is the natural and inevitable result of personal injuries. Damages for such pain may be recovered, though there is no allegation of damages based thereon in the declaration. Gronan v. Kukkuck, 59 Iowa, 18, 12 N. W. 748; Newell v. Whitcher, 53 Vt. 589, 38 Am. Rep. 703.

A new trial will not be granted on the ground of excessive damages unless it appears that the jury were influenced by passion, prejudice, corruption, or wilful disregard of law, in assessing such damages. Hence a verdict for $8,150.87 held not excessive. Brown v. Evans, 17 Fed. 912; May v. Steele, 9 Pac. 112; Alcorn v. Mitchell, 63 Ill. 553.

A verdict for $1,250 for an unjustifiable assault and battery on plaintiff by two persons, by whom he was severely beaten, causing severe physical injury, held not excessive. Scott v. Hamilton, 71 Ill. 85; Wolf v. Trinkle, 103 Ind. 355, 3 N. E. 110.

Where the evidence shows that defendants took plaintiff to a field, where they stripped and severely beat him, and then forced him by threats to leave his home, a verdict of $4,000 damages is not excessive. Morgan v. Kendall, 124 Ind. 454, 9 L.R.A. 445, 24 N. E. 143; Armstrong v. Jackson, 37 La. Ann. 219.

In a case of violent and unprovoked assaults, the court will not grant a new trial on account of excessive damages. Chancellor v. Vaughn, 2 Bay, 416; Birchard v. Booth, 4 Wis. 67.

A verdict of $1,200 for spitting in a woman's face is not necessarily so excessive as to be set aside. Draper v. Baker, 61 Wis. 450, 50 Am. Rep. 143, 21 N. W. 527.

The amount of damages which may be awarded in an action for assault is so largely in the discretion of the jury that it is in extreme cases only that the court is justified in interfering. Lake Street Elev. R. Co. v. Collins, 118 Ill. App. 270; Ragsdale v. Exell, 20 Ky. L. Rep. 1567, 49 S. W. 775; Barr v. Post, 56 Neb. 698, 77 N. W. 123.

BRONSON, J. The plaintiff recovered a verdict of $2,500 for indecent assault; the defendant has appealed from the judgment rendered and the order of the trial court denying a new trial. The defendant is a bachelor, fifty-nine years of age, engaged in farming; he hired the plaintiff as his housekeeper; the plaintiff was a married woman with two little children, having left her husband for his failure to support her. The plaintiff was needy and so worked out in an endeavor to support herself and her two little children. The agreed compensation for this work was $5 per week. She remained in the employ of the defendant about two weeks. There is evidence in the record that the defendant, at the beginning of the employment, attempted to take indecent liberties with the plaintiff; that his attempts in this direction continued at intermittent periods, finally culminating in a bolder attempt to have sexual intercourse with the plaintiff. All of these attempts the plaintiff resisted. She was compelled to, and did, leave his employ. The main contention of the defendant is that the damages awarded are so excessive as to show the influence of passion and prejudice of the jury. The trial court, in a memorandum opinion denying a new trial, comments upon the record testimony, observing particularly the ladylike demeanor of the plaintiff and the testimony which discloses her effort as a good, virtuous woman to perform hard work in order to maintain herself and her two little children, and, in contrast, the acts of the defendant and the testimony in the record to the effect that he claimed such privileges with housekeepers that might work for him. We agree that the trial court did not err in denying a new trial. The fact that the plaintiff, shamed and humiliated, wept while on the stand as a witness, does not warrant the conclusion of this court that the jury were influenced thereby through passion or prejudice. The question of damages was properly a question of fact for the jury. It was eminently the duty of this defendant to protect the plaintiff as a woman and as a mother in every manner. The assault, as found by the jury, was aggravated, and

severely deserves condemnation in law. We find no error in the record. The judgment is affirmed, with costs to the respondent.

CHRISTIANSON, Ch. J., and GRACE, and BIRDZELL, JJ., concur.

ROBINSON, J. (dissenting). This is a personal-injury suit, in which defendant appeals from a verdict and judgment for $2,500, and interest from March, 1918. The complaint avers that in March, 1918, at his farm home in Barnes county, defendant feloniously assaulted the plaintiff with intent to ravish her, to her damage, $5,000. Now an assault is an unlawful attempt, with force and violence, to do a corporal hurt to another. Comp. Laws, § 9545. Three is not in the record a particle of evidence that defendant ever assaulted the plaintiff or ever did her a corporal hurt or injury. She is a grass widow of twenty-eight years, with a daughter eight years and a son five or six years. At the age of seventeen she wedded a worthless fellow, with whom she has roamed about the country and has lived in three or four places in each of three different states,—in South Dakota, in North Dakota, and in Montana. Like gypsies she and her husband have been moving from place to place and post to pillar, leaving their characters behind them and at times living on the county. Her mode of life has been such that several times she has had to go to the hospitals.

On March 17 or 18, 1918, she was taken by a casual acquaintance—a young man whom she met on the train—to the home of defendant. They got there and had supper about 8 P. M. She at once found employment as housekeeper at $5 a week, with bed and board for herself and children. After supper she sat in a chair, rocking her child to sleep, and then she says he pinched her leg and said, "You have a nice leg." Then, as she says, "In three or four days he came to my bed at night, touched my arm, and said he came to sleep with me. I said, 'Get out of here,' and he did. Then for several days he was all right, helped me with the washing, carried the water and helped with the housework." Then on Sunday morning, March 31st, as she says, he pulled her onto his lap, pulled up her dress and said he was in the habit of doing business with his housekeepers, and, as she broke away from him, he said: "Damn you, you are tired from your operation, and I will get you yet."

Now, the defendant is a wealthy bachelor of fifty-nine or three score years. He has not been roaming from place to place. For nearly forty years he has been on the same farm in Barnes county. Working hard himself and giving employment to others; he has scorned delights and lived laborious days. When the fair grass widow went to his house he had no helper. He was getting up at 4 o'clock in the morning, feeding his thirteen head of horses, his cows, his pigs and poultry, cleaning the stables, milking the cows, doing all the farm chores. While she remained in his employ for half a month, he continued to do all his chores and part of the housework. He built the fires, carried in the water, and helped with the washing, as a gentleman should. She and her children ate at his table, and there is no claim that he ever said to her or the children an unkind or improper word, except on said three occasions.

Now, of course, the plaintiff had the burden of proof and her testimony is flatly contradicted by the defendant. It is in no way corroborated and it is highly improbable. She was entirely safe in testifying to anything that she pleased in regard to the sayings of the defendant, and she was under a great temptation to do all she could to recover a large verdict. Her shrewd counsel was likewise under some temptation to aid her and to receive half of the judgment. The result of it all was a verdict for $2,500, and interest, a sum equal to the earnings of the fair lady for ten years,—and she was not injured one red cent. She had not been assaulted; no words, however rude, do constitute an assault or a cause of action.

Now in the scale of probability and common knowledge, let us weigh the testimony: Defendant is a bachelor of three score years. By hard work he has accumulated a nice property. As a man grows in years and in property he grows more and more prudent and conservative. He learns to beware of widows. His youthful passions no longer burn; there is a limit to his store of energy. He does not at first sight edge up to a widow, give her a little pinch and say: You have a nice leg. He does not, without courtship, run into her bedroom and offer to sleep with her. He does not, after an acquaintance of a few days, pull her onto his lap and say: Damn you, I'll get you yet. Such testimony is not in anyway credible; it is plainly false and preposterous.

But there is the verdict, and how shall we account for it? The first

point to be noted is the overzeal and want of tact shown by defendant's attorney. For hours he persistently cross-examined the fair lady, drove her into appealing tears and hysteria, while her own counsel shrewdly made no objection and gave him all the rope he asked for. Of course the jurors looked on with pity, anger, and indignation, and, when the cause was submitted to them, the expert examiner "got it in the neck," and got just what he deserved. If defendant had appeared without an attorney and had told a plain story, as he did, the chances are that the jury would not have found against him.

(2) Another point or reason is that in cases of this kind jurors and judges are apt to have a bias and a desire to plume themselves and their righteousness by an expression of horror at a mere accusation of wrong. In the words of the Pharisees we are still disposed to say: "God, I thank thee that I am not as other men are, extortioners and adulterers and even as this publican." Thus it was that when Judah—a judge of Israel—was told that Tamer, his daughter-in-law, had played the harlot, he said, "Bring her forth and let her be burned." In that way he proclaimed his own righteousness and his horror of wrong; but when Tamer was brought forth "she had the goods on him;" she had his pledge, his signet, his bracelets, and his staff. He had to own up and confess that he was the guilty party, and that she was more righteous than himself.

(3) Plainly defendant did not have a fair trial. Even the pious judge fell under the spell of the tearful enchantress. He argued her case to the jury, assuming that her words were as true as gospel, misstated the law, and in his memoranda went out of the record to denounce the defendant and to charge against him gross and libelous matter. In his charge to the jury the court repeats, and reiterates, and gives undue emphasis to, the false complaint, and assumes that there is evidence of an assault on the plaintiff, an attempt to ravish her, and of injury and humiliation by reason of the same. It is said: "If you find from the evidence that defendant made an indecent assault on the plaintiff in the manner testified to by her, then the plaintiff is entitled to a verdict." Plainly that was an error because the plaintiff had not testified to any assault. Then it was said: "The law affords protection from indecent advances, and requires anyone violating the law in that respect to respond in damages for any detriment suffered

by such violation." Now, no charge could be more grossly erroneous. When a man is alone with a woman he incurs no legal liability by exhausting all his powers of persuasion. Under the charge it would be very unsafe for any man of means to be alone with an adventurous woman. Thus it was with virtuous Joseph, he found it unsafe to be alone with Potiphar's wife and to refuse her advances. Whatever may be said or thought of the wandering widow, it is certain that, in bringing this suit, she has shown a disposition to rob the defendant of his property. The conclusion must be that she is not honest; neither is she truthful, because those virtues go together. To allow her any recovery would be a reproach to the court.

Judgment should be reversed and action dismissed.