AMANDA ZIEBARTH, Respondent, v. EDWARD ZIEBARTH, Appellant.

(203 N. W. 192.)

**Assault and battery — denial of motion to dismiss and request for peremptory instructions held proper.**

1. For reasons stated, it is held that a motion by defendant to dismiss and a request by him for peremptory instructions, were properly denied; and that counsel for the plaintiff was not guilty of prejudicial misconduct in his argument to the jury.

**Trial — instruction, assuming alleged assault, established by undisputed evidence, and instructing jury accordingly held not erroneous.**

2. It is not an invasion of the province of the jury, as the tribunal to try the facts, to assume that an alleged assault is established by undisputed evidence and to instruct the jury accordingly, where, in an action for indecent assault, the record shows:

(a) That the testimony of the plaintiff as to the facts constituting the assault is wholly undisputed by defendant, or any other witness;

(b) That the defendant, on cross-examination under the statute, admitted certain facts, strongly corroborative of plaintiff's story, and, as to the particulars of the assault itself, said he could not remember, and would not swear that what the plaintiff asserts did not take place;

(c) That the facts testified to by the plaintiff are equally within the knowledge of the defendant, who nevertheless, declines to say that plaintiff's testimony is not true;

(d) That reasonable men could draw no other conclusion from the testimony than that it is true.

**Assault and battery — verdict for $1,750 for indecent assault not so excessive as to require reversal.**

3. For reasons stated, it is *held* that a verdict for $1,750, in an action for indecent assault, is not excessive, so as to require a reversal and a new trial.

Opinion filed March 25, 1925.

Appeal and Error, 4 C. J. § 2938 p. 957 n. 66; § 2952 p. 970 n. 57. Assault and Battery, 5 C. J. § 150 p. 697 n. 43; § 171 p. 709 n. 75. Trial, 38 Cyc. p. 1670 n. 4.

Appeal from the District Court of Richland County, *Wolfe,* J.

Defendant appeals from judgment and order denying motion for a new trial.

Affirmed.

*Murphy & Aker,* and *Schneller & Heder,* for appellant.

In this State a trial court has no right to comment on the facts or express an opinion on the weight of evidence. The inferences to be drawn from the facts in evidence are for the jury. Brookings v. N. P. R. Co. 47 N. D. 111, 180 N. W. 972.

A fact may be testified to and uncontradicted by direct evidence, may be uncontradicted by any evidence, and still be disputed and controverted. The jury are not bound to believe a witness who testifies to a material fact that is wholly uncontradicted. Territory v. Egan, 3 Dak. 131; People v. Webster (Cal.) 43 Pac. 1114.

The jury were not bound to take the testimony of any witness as true from the manner of the prosecuting witness and the nature of his whole testimony. The jury might have disbelieved him if the defendant had not introduced any evidence at all. The whole matter was for the jury, and not for the court. People v. Murray (Cal.) 24 Pac. 802.

Where a case depends on oral testimony, such testimony must be submitted to the jury though the testimony is uncontradicted. Dec. Dig. title Trial, ¶ 140 (1); Woodin v. Durfee, 46 Mich. 424, 9 N. W. 457.

Evidence is for the jury, and the trial judge cannot draw conclusions for them. A jury may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment.

The construction of the language used by a witness in giving testi-

mony is a matter for the jury. Golstein v. N. P. R. Co. 37 N. D. 602, L.R.A.1918A, 612, 164 N. W. 143.

Where there are no other witnesses· in the case and there is no direct contradiction of a party's testimony, it can not be said as a matter of law that his testimony is undisputed. Messer v. Getson (Ark.) 183 S. W. 257.

Where evidence is oral only altho uncontradicted the case is for the jury. Swavely v. Enno, 54 Pa. Super. Ct. 82.

It is error on the part of the court to advert to matters not in evidence. 5 C. J. 692; 17 C. J. 1065, Evidence ¶ 367; Selland v. Nelson, 22 N. D. 14, 132 N. W. 220.

The instruction must be so framed as to allow the jury to assess damages without regard to the evidence of the case, and in cases which appeal naturally to the sympathy of the jury, it is essential that the instructions be free from anything which may be considered as a permission to the jury to go outside the evidence. 17 C. J. 1066.

*Lauder & Lauder* and *Purcell & Slattery,* for respondent.

JOHNSON, J. This is an action to recover damages for an indecent assault. The jury returned a verdict for $1750. ·

Plaintiff is a sister-in-law of the defendant. Prior to and at the time of the alleged assault, plaintiff's husband had been suffering from epilepsy. The plaintiff testifies that the defendant, a single man, came to her home about the middle of January, 1923, at about 3 P. M.; that her husband and some other men were husking corn a few rods from the house; that defendant asked for a cream can; that plaintiff was alone in the house with a child two years old; that the cover for the can was upstairs; that she went upstairs to fetch the cover, and that defendant followed her; that upstairs the defendant put his arms around plaintiff, told her that her husband would soon die, asked her to marry him after his brother's death, and then solicited sexual intercourse from her. Plaintiff says that she struggled, made outcry, and then succeeded in freeing herself. She says that she wept and told her husband of defendant's conduct shortly afterwards. Later, trouble arose between husband and wife and they separated. The husband did not testify at the trial. The defendant denied the allegations of the complaint, in an answer verified by his counsel on information and belief, but did not deny the truth of plaintiff's testimony. He did not

testify as a witness in his own behalf, but was cross-examined by plaintiff under the statute.

Defendant assigns numerous errors. It is said that certain evidence was improperly admitted and that the court erroneously denied a motion to dismiss and a request for peremptory instructions; and that the motion for a new trial should have been granted. It is also urged that counsel for the plaintiff was guilty of prejudicial misconduct in the argument to the jury; and that the verdict is excessive and unsupported by sufficient evidence.

We have carefully examined all the errors assigned as to the admission of evidence and the alleged misconduct of counsel and find them wholly without merit. The court carefully instructed the jury to disregard any arguments not based on the evidence, and specially indicated its disapproval of certain language of counsel directed towards the defendant. There is nothing in the record to indicate that the jury were prejudiced by anything said by plaintiff's attorneys. Nor are we prepared to say that any language was used which, in the absence of cautionary instructions, would have to be regarded so prejudicial as to require a new trial. The motion to dismiss and the request for peremptory instructions, were, of course, properly denied. Neither do we think that any evidence was improperly admitted over defendant's objection so as to constitute reversible or prejudicial error. Evidence of the same general tenor as that to which exception is taken, went in on cross-examination under the statute without objection. The testimony related, in general, to the estrangement and separation of plaintiff and her husband subsequent to the alleged assault, and the knowledge of defendant thereof.

The trial judge told the jury that there was no dispute in the evidence as to the assault, and that the only question of fact was as to the damage and the amount thereof; that plaintiff was entitled to at least nominal damages. The court instructed that plaintiff was not entitled to punitory damages.

In order to dispose of the principal assignment of error, based on the instruction of the trial court that the state of the evidence justified the assumption that the assault was established as an undisputed fact, it is necessary to consider the testimony of the defendant while under cross-examination. He admits coming to the plaintiff's home about January

15, 1923; that he saw his brother and other men husking corn some distance from the house; that he went into the house and there found the plaintiff alone with a child two years of age; that he asked for a cream can; that plaintiff did not find the cover, but soon recalled that it was upstairs; that she went upstairs; that he followed her; and that the cover of the can was in fact upstairs. It was not until plaintiff's counsel began to inquire into the more intimate particulars of the alleged assault that the defendant's memory took wings and refused longer to serve as guide, philosopher or friend.

Indeed, when counsel had brought the examination to a point where defendant was at the foot of the fatal stairway, the latter's memory began to give evidence of uneasy skittishness which foreshadowed the later ignominious desertion that precipitately took place when inquiry was made concerning the transactions in the chamber above the stairs. At first defendant protested inability to recall whether he followed the lady in her quest for the cover of the cream can; but when pressed by counsel chivalry came to the rescue, and he said he had followed, tho uninvited, to help the fair inamorata search for the missing cover. With such capable and willing assistance, the lid was soon found, whereupon, says the plaintiff, defendant's fancy promptly turned "to thoughts of love." Here we come to an abysmal void in defendant's recollection. He denies nothing; remembers nothing. With a paralysis of memory there was apparently no lethargy of conscience, for the intrepid wooer refused to deny the truth of plaintiff's story. Many details, both before and after the incident upstairs, seemingly without sufficient interest to make more than a passing impression upon the mind, are recalled with apparent ease; but whether this defendant solicited the plaintiff to violate her marriage vows, abandon her virtue, and become the most despised of her sex, an adulteress, he says he does not remember.

There are significant questions and answers in the cross-examination.

Q. "Will you swear sir, you didn't take hold of her with your hands?"

A. "Well, I might have took hold of her, but I didn't try to do anything wrong."

Q. "Well, can you think now of anything that would occasion or cause you to put your hands on that woman at that time?"

A. "I don't know."

Q. "Well, you won't swear you didn't?"

A. "No, I won't. I don't remember just exactly how it was."

There is much of this kind, containing, as we think, more or less direct admissions of the truth of plaintiff's story; but there is not a syllable in defendant's testimony denying the essential facts of the assault. It is true, the answer puts the matter in issue and, of course, the burden is on the plaintiff to prove every essential element of her cause of action. The answer was not verified by defendant; when put under oath he always refused to deny, categorically or otherwise, the material facts. Some of them he expressly admits.

This is not a case where the testimony on a material fact is merely undisputed by positive or contradictory evidence. There are, of course, instances where it would be an erroneous invasion of the province of the jury for the trial court to assume the existence of a fact, though based upon uncontradicted testimony; especially would this be true when the testimony is that of a party who is an interested and, therefore, may be a biased witness; or where the circumstances are peculiarly or exclusively within the knowledge of the party testifying. In the instant case, the testimony of the plaintiff is clear, candid, and free from any evidence of a disposition to exaggerate details; her character is not questioned; her reputation for truth and veracity is wholly unassailed. She testifies to particulars equally within the knowledge of both parties.

He admits following her upstairs, in circumstances devoid of explanatory excuse other than the accomplishment of the purpose to which she testified; he, in effect, admits laying his hands on her, altho the record contains no evidence to justify this unwarranted familiarity other than the plaintiff's undisputed story; and then, tho apparently of normal mentality, with nothing to indicate that his memory has been impaired by disease, injury, or other cause, he ceases to remember what took place, notwithstanding the misconduct described by the plaintiff was of such a nature that no ordinary man, in the possession of his faculties, would be likely soon to forget a single detail of the wretched episode. We are satisfied upon the entire record that the court was justified in assuming the assault as an established fact in the case; that the province of the jury was not invaded; and that reasonable minds could draw no other conclusion from the testimony. It is not only that there is no evidence to the contrary, but the testimony of the defendant

in some particulars corroborates, and in no respect contradicts, that of the plaintiff. See Hayne, New Trial & Appeal, 626 et seq.; 14 R. C. L. 738 et seq.; Hughes v. Monty, 24 Iowa, 499; Bleecker v. Miller, 40 Okla. 374, 138 Pac. 809.

It is not desirable that uncontroverted facts be submitted to the jury. If the real issues can be stripped of all unnecessary impedimenta, it will lessen and simplify the labors of that tribunal.

It is urged that the verdict is excessive. We do not think that we can say so as a matter of law. In this class of cases the judgment of twelve men, drawn from many different walks and occupations, should not be disturbed by an appellate tribunal, unless it clearly appears that the amount given is excessive and was probably awarded under the influence of matters not justified by or found in the record. In Leifermann v. Daniels, 44 N. D. 76, 176 N. W. 9, the jury awarded plaintiff compensatory damages in the sum of $2,500.00; this court refused to disturb the verdict. The facts in that case do not seem more aggravated than in the case at bar. We think the defendant had a fair trial.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.